IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ASHLEY USHAMBA (01),

        Defendant.

Case No. 19-20012-DDC-01

## MEMORANDUM AND ORDER

Ashley Ushamba, proceeding pro se,[1] asks the court to appoint him counsel to help him prepare a 28 U.S.C. § 2255 motion (Doc. 156). The court denies the motion.

Whether to appoint counsel is left to the court's discretion. *See* 28 U.S.C. § 2255(g) (referring to 18 U.S.C. § 3006A); *see also* 18 U.S.C. § 3006A(a)(2)(B) (providing that the court may appoint counsel for a petitioner seeking relief under § 2255 if "the court determines that the interests of justice so require"). "There is no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]" *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (citation omitted). Appointment of counsel is mandatory only if an evidentiary hearing is warranted. *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts. To determine whether to appoint counsel, district courts consider "a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the

---

[1] People in prison "who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But, the court does "not act as [an] advocate" for pro se litigants. *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019).

claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

Here, the interests of justice do not require that the court appoint counsel for Mr. Ushamba.  Mr. Ushamba asserts that coronavirus protocols at FCI Oakdale II leave him "with little to no access to legal material." Doc. 156 at 1.  But Mr. Ushamba's motion for appointment of counsel doesn't provide any information about the putative merits, factual issues, or complexity of the claim he plans, it appears, to assert.  And, the court can't tell if the motion requires the use of a law library.  "Moreover, there is no showing the lockdown will continue indefinitely."[2]  *Montgomery v. Crane*, No. 18-CV-02911-RM-NYW, 2020 WL 2848149, at *1 (D. Colo. June 2, 2020), *appeal dismissed*, No. 20-1213, 2020 WL 7238272 (10th Cir. Sept. 24, 2020) (denying plaintiff's motion for appointment of counsel based on COVID-19 lockdown).  The court, in its discretion, denies Mr. Ushamba's motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Ushamba's "Request for appointment of counsel by this Honor[a]ble Court" (Doc. 156) is denied.

**IT IS SO ORDERED.**

**Dated this 8th day of March, 2022, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**

---

[2]   Indeed, the Bureau of Prisons lists FCI Oakdale II at a "Level 1" COVID-19 Operational Level. *FCI Oakdale II*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/oad/ (last visited Mar. 8, 2022).  At Level 1 Operations, BOP recommends that the law library operate at "Normal capacity participation." *COVID-19 Modified Operations Plan & Matrix*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last visited Mar. 8, 2022).