# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| **Plaintiff**, | **Case No. 19-20012-01-DDC** |
| **v.** | |
| **ASHLEY USHAMBA (01)**, | |
| **Defendant**. | |

## MEMORANDUM AND ORDER
## DENYING MOTION TO TERMINATE SUPERVISED RELEASE

Defendant Ashley Ushamba[1] has moved to terminate his term of supervised release

(TSR).  *See* Doc. 159.  In short form, on July 16, 2020, Mr. Ushamba entered a guilty plea (Doc.

103) to conspiracy to commit wire and mail fraud, violating 18 U.S.C. § 1349.  On March 11,

2021, the court sentenced Mr. Ushamba to imprisonment for 12 months and one day, three years

of supervised release, and $48,428.52 restitution.  Doc. 136 at 2, 3, 7.  The United States asserts

that Mr. Ushamba's arrest followed his conspiracy to file fraudulent Internal Revenue Service

tax returns using stolen identities and collecting IRS tax refunds.  Doc. 162 at 1.  Mr. Ushamba's

actions cost the IRS $48,428.52.  *Id.*

While Mr. Ushamba has served his prison sentence, he hasn't begun to serve his TSR yet.

*See* Doc. 159 at 1; Doc. 162 at 2.  United States Immigrations and Customs Enforcement took

---

[1]    Because defendant proceeds pro se, the court construes his filings liberally.  *Hall v. Bellmon*, 935
F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a
less stringent standard than formal pleadings drafted by lawyers.").  But, defendant's pro se status does
not excuse him from complying with the court's rules or facing the consequences of noncompliance.
*Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

custody of Mr. Ushamba following his release from Bureau of Prisons custody.  Doc. 159 at 1; Doc. 162 at 2.  The United States opposes the current motion to terminate, noting that Mr. Ushamba hasn't served a meaningful portion of his supervised release—he "has not been required to report to a probation officer, obtain employment, or been able to take advantage of any services provided by Probation."  Doc. 162 at 2.  The government also asks the court to deny Mr. Ushamba's motion because he owes $37,442.78 in restitution.  *Id.*  The United States Probation Office hasn't weighed in on whether it opposes or supports early termination.

The court has substantial discretion to decide whether to terminate a TSR earlier than its natural expiration.  *See* 18 U.S.C. § 3583(e)(1).  The controlling statute directs the sentencing court "at any time after the expiration of one year of supervised release" to decide whether early termination "'is warranted by the conduct of the defendant released and the interest of justice.'"  *See Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) (quoting 18 U.S.C. § 3583(e)(1)).  The court can make this decision "at any time after the expiration of one year of supervised release[.]"  18 U.S.C. § 3583(e)(1).  Mr. Ushamba hasn't served one year of supervised release.  The court thus denies his Motion for Early Termination of Supervised Release at this early stage.  Nonetheless, the court hopes that Mr. Ushamba will continue his positive trend.  While the court is pleased to learn that Mr. Ushamba is performing well in ICE custody, 18 U.S.C. § 3583(e)(1) prohibits the court to discontinue Mr. Ushamba's supervision before it has begun.  *See United States v. Montoya*, No. CR 16-04230, 2021 WL 4941792, at *4 (D.N.M. Oct. 22, 2021) (denying motion for early termination of supervised release because defendant had served just 11 months of supervised release).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Ashley

Ushamba's Motion for Early Termination of Supervised Release (Doc. 159) is denied for reasons

explained in this Order.

**IT IS SO ORDERED.**

**Dated this 19th day of July, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
