IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>ASHLEY USHAMBA (01),<br><br>   Defendant. | Case No. 19-20012-01-DDC |

**MEMORANDUM AND ORDER**

Defendant Ashley Ushamba pleaded guilty to Count One of the Indictment, charging Conspiracy to Commit Wire and Mail Fraud. Doc. 13 at 3 (Indictment); Doc. 103 at 1 (Plea Agreement). *See also* Doc. 101 (Minute Entry showing Change of Plea hearing). The court sentenced him on March 11, 2021, to 12 months plus one day in prison and supervised release lasting three years. Doc. 136 at 2–3 (Judgment in Criminal Case); Doc. 134 (Minute Entry showing date of Sentencing). Defendant didn't appeal his conviction or sentence. Mr. Ushamba completed his prison sentence, and the Bureau of Prisons delivered him to the custody of federal immigration authorities. They held him, Mr. Ushamba asserts, for slightly less than three years. Doc. 169 at 2, 3.

Mr. Ushamba has submitted two post-conviction filings. The first, Doc. 166, seeks return of an iPhone he claims was seized from him during a court hearing in February 2019. Mr. Ushamba's second filing, Doc. 169, is called a "Petition for Writ of Error *Coram Nobis*." *Id.* The government has responded to both filings. Doc. 168; Doc. 172. For reasons explained separately below, the court denies both of Mr. Ushamba's pending filings.

   A.  **The Return of Property Motion (Doc. 166)**

Mr. Ushamba asserts that his iPhone was seized from him at his "first hearing" on February 19, 2019, after he was indicted. Doc. 166 at 1. He provides nothing to support this assertion. Mr. Ushamba also asserts that his case concluded in July 2021 and he completed his prison sentence on March 31, 2022. *Id.* The government's Response asserts that Mr. Ushamba's phone was seized from him but that the federal government didn't do the seizing. Instead, the government explains, the phone was seized and held by the Overland Park, Kansas Police Department on a state court charge against Mr. Ushamba. Doc. 168 at 1. To support its assertion, the government submits a "Property Disposition Order" entered in the referenced state court case by Judge Sara Welch, a District Court Judge for the District Court of Johnson County, Kansas. *See* Doc. 168 at 3–4. In her Order dated April 18, 2020, Judge Welch ordered the destruction of several pieces of property, including a "cell phone." In sum, the government asserts, it has no iPhone to return to Mr. Ushamba.

On the current record, the court denies Mr. Ushamba's property return motion. The federal government can't return property it doesn't possess. And the United States owes no duty to return property seized by others. The record here is limited. The court can't discern, definitively, whether the "cell phone" referenced by Judge Welch is the same iPhone referenced by Mr. Ushamba. But the government presents the court with a reasonably plausible explanation of the phone's seizure and whereabouts. And Mr. Ushamba provides no commensurate support for his version of the events. So, the court finds—on this limited record—that the federal government has no property to return to this defendant. But if Mr. Ushamba can marshal some evidence or documentation supporting the essential premise of his motion—that the United States government seized and remains the possessor of his iPhone—he may renew his motion. And the court will not treat this Order as one prejudicing his opportunity to litigate that

subsequent property return request. For now, though, the court finds that the United States law enforcement officials have no property to return to Mr. Ushumba. It thus denies defendant's motion (Doc. 166).

### B. The Petition for Writ of *Coram Nobis* (Doc. 169)

Mr. Ushamba calls his second filing a "Petition for Writ of Error *Coram Nobis*." Doc. 169. This filing asks the court to vacate, set aside his guilty plea and conviction, or to allow him to withdraw his guilty plea in this case. Mr. Ushamba asserts that that his former attorney, whom defendant chose to retain, provided ineffective assistance of counsel. And this ineffective assistance, he asserts, led Mr. Ushamba to sign the Plea Agreement under duress. But it's Mr. Ushamba's own assertions that paint his Petition into a corner.

The Supreme Court has held that the writ of *Coram Nobis* is available in the criminal context via The All Writs Act. *See United States v. Morgan*, 346 U.S. 502, 505–07 n.4 (1954). "But a remedy [under this Writ] is rarely available." *United States v. Miles*, 923 F.3d 798, 802 (10th Cir. 2019). Indeed, *Coram-Nobis* relief (and relief on other common law writs) are "extraordinary remedies that are appropriate only in compelling circumstances." *United States v. Thody*, 460 F. App'x 776, 778 (10th Cir. 2012). To secure *Coram-Nobis* relief, a petitioner must "demonstrate due diligence in bringing [his] claims, that other remedies are unavailable or inadequate, and that the underlying trial error was fundamental, meaning the error resulted in a complete miscarriage of justice." *Id.* (citing *Morgan*, 346 U.S. at 511–12 then citing *Embrey v. United States*, 240 F. App'x 791, 793–94 (10th Cir. 2007)). The middle requirement—other remedies are unavailable or inadequate—is decisive here. Mr. Ushamba plainly could have sought the relief he requests by other means.

The court's reasoning starts with identifying the relief Mr. Ushamba seeks on *Coram Nobis*. His Petition is explicit about it: He asks the court to "Vacate, Set Aside plea and conviction or withdraw plea" in his case, which, he contends, "will not adversely affect his immigration status." Doc. 169 at 2. *See also id.* at 41 (asking court to "Vacate, Set Aside [or] dismiss case or Withdraw plea."). Mr. Ushamba deserves this relief, he contends, because his "plea deal agreement [was] derived under the ill advice by [his former] attorney Mr. Michael J. O'Connor who denied plaintiff effective assistance of counsel" and thereby violated Mr. Ushamba's Constitutional rights. *Id.* at 6.

Mr. Ushamba's Petition pleads too much. As the government's Response explains, a federal statute explicitly provides Mr. Ushamba with a statutory right to seek relief from his conviction and sentence on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or otherwise [was] subject to collateral attack[.]" 28 U.S.C. § 2255. That's precisely the relief Mr. Ushamba's *Coram Nobis* Petition seeks. Binding Tenth Circuit precedent holds that criminal defendants may assert ineffective assistance claims in § 2255 proceedings. *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) ("Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal."); *see also Massaro v. United States*, 538 U.S. 500, 509 (2003) ("We do hold that failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255"). And supplementing the principle recognized in these cases, the Supreme Court has held that defendants—in some cases—may raise an ineffective assistance claim in a direct appeal. *Massaro*, 538 U.S. at 508–09. In sum, § 2255 provides at least one other way Mr. Ushamba could have raised his ineffective assistance claim. And he may have had two alternatives, a

4

collateral proceeding or a direct appeal.  This negates the second requirement for *Coram Nobis* relief—"that other remedies are unavailable or inadequate." *Thody*, 460 F. App'x at 778.[1]

Because Mr. Ushamba never explains why he couldn't have asserted his ineffective assistance claim on a § 2255 motion—the court declines to grant him relief under the *Coram Nobis* writ.  *See Miles*, 923 F.3d at 804 ("In other words, a claim pressed through a coram nobis petition is ordinarily barred if the petitioner previously raised the claim in a § 2255 motion but was unsuccessful or simply failed to pursue the claim under § 2255 when petitioner could have.").  For this reason, the court declines to grant the relief sought by Mr. Ushamba's Petition for Writ of Error *Coram Nobis*, Doc. 169.

**IT IS HEREBY ORDERED THAT** Ashley Ushamba's "Motion to get iPhone returned to Plaintiff" (Doc. 166) and his "Petition for Writ of Error *Coram Nobis*" (Doc. 169) are denied.

**IT IS SO ORDERED.**

**Dated this 15th day of November, 2024, at Kansas City, Kansas.**

                                                    **s/ Daniel D. Crabtree**
                                                    **Daniel D. Crabtree**
                                                    **United States District Judge**

---

[1] Consistent with settled precedent, the court does not recharacterize Mr. Ushamba's motion as one seeking relief under § 2255.  *United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000) ("District courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless" defendant agrees to recharacterize or court finds it appropriate to recharacterize and offers the moving defendant the chance to withdraw the motion.) (quoting *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998)).